# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

Cherrity Honesty-Alexis Meranelli (aka. Eric M. Sorenson),

        *Plaintiff,*

      *VS.*

Minnesota Department of Human Services ("DHS"); Minnesota Sex Offender Program ("MSOP"); State Operated Services ("SOS"); Jodi Harpstead, Commissioner, DHS; Nancy A. Johnston, CEO, MSOP; Terrance ("Terry") K. Kneisel, Facility Director, MSOP; Ann Linkert, Assistant Facility Director, MSOP; Mitchel L. Rhodes, MSOP; Corey R. Drabelis, MSOP; Alexandra R. Kaufman, MSOP; Mathew D. Barton, MSOP; Ryan J. Fahland, MSOP; Gary M. Ankarlo, MSOP; Tina L. Olson, MSOP; Amy N. Farmer, MSOP; Kayla R. Taylor, MSOP; Timothy S. Carman, MSOP; Tammy L. Shelton, MSOP; Austin M. Preston, MSOP; Eric J. Woytasek, MSOP; Johnathan C. Mader, MSOP; Jacob L. Adams, MSOP; Brittany L. Monette, MSOP; Andrea Kosloski, MSOP; Luke L. Wilson, MSOP; Daniel Werner, MSOP; Anthony M. Herring, MSOP; Trevor J. Rychlak, MSOP; Sherry M. Webb, MSOP; Kathleen M. Newhouse, MSOP; Laura D. Bainbridge, MSOP; John S. Barry, MSOP; Kaitlyn L. Marvel, MSOP;

23-CV-848 JWB|TNL

RECEIVED BY MAIL

APR 04 2023

CLERK, U.S. DISTRICT COURT
DULUTH, MINNESOTA

# VERIFIED COMPLAINT
Pursuant to 42 U.S.C. 1983

D.C.C.A. _____
Hon. _____
Mag. _____

SCANNED

APR 04 2023

U.S. DISTRICT COURT DULUTH

William J. Goman, MSOP; Jena E.
Murray, MSOP;  Andrea Youngs,
MSOP; Benjamin B. Wallace, MSOP;
Any other Jane/John Does (Unknown
Individuals); All Defendants are
currently sued in their official and
individual capacities; All Defendants
have and continue to act under the Color
of State Law;

*Defendants.*

──╍──╍──╍──╍──╍──╍──╍──╍──╍──╍──╍──╍──╍──

# VERIFIED COMPLAINT

## INTRODUCTION

1) The Plaintiff, Cherrity Honesty-Alexis Meranelli (aka. Eric M. Sorenson)
("Ms. Meranelli"), a known transgender female, comes now and files this
civil rights complaint under the federal civil rights statute, 42 U.S.C. §1983,
and alleges that Defendants, in their official and individual capacities and in
concert with one another, have violated Ms. Meranelli's rights to be free
from violence at the hands of other dangerous clients at the Minnesota Sex
Offender Program ("MSOP") (i.e., failure to protect).

## BRIEF NATURE OF ACTION

2) Ms. Meranelli hereby alleges that the Defendants have, including but not
limited to the following specific acts and omissions, performed the
following:

    a. Failed to protect Ms. Meranelli from a brutal sexual assault at the hands of a sexually and physically dangerous client (hereinafter known as "Doe") while roommates with Doe in violation of Ms. Meranelli's well-established rights to be protected from a brutal sexual assault on her in violation of her rights under the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution, Art. I, §§2, and 7 which Ms. Meranelli seeks to become whole under 42 U.S.C. §1983, Prison Rape Elimination Act, Negligence, Intentional Infliction Of Emotional Distress, and Negligent Infliction Of Emotional Distress.

3) Ms. Meranelli currently sues the Defendants in their individual and official capacities. Ms. Meranelli seeks declaratory, and injunctive relief, as well as damages from the Defendants to become whole.

## STATEMENTS OF JURISDICTION, VENUE, AND RELIEF

4) This Honorable Court shall have original federal question jurisdiction pursuant to 28 U.S.C. §1331, as the district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. §1331. This Honorable Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. §1367 in that this Honorable Court shall have jurisdiction over all state law claims

arising out of the same acts as the court would have federal question jurisdiction over. *See* 28 U.S.C. §1367.

5) This Honorable Court, i.e., the United States District Court for the District Of Minnesota, is the proper venue pursuant to 28 U.S.C. §1391(b)(1)&(2) in that the Defendants live/work/reside within the State of Minnesota, and a substantial part of the events or omissions giving rise this Action occurred within the State of Minnesota. *See* 28 U.S.C. §1391(b)(1)&(2).

6) This Honorable Court has authority to issue declaratory judgment on behalf of Ms. Meranelli pursuant to 28 U.S.C. §2201. *See* 28 U.S.C. §2201. Furthermore, this Honorable Court has the authority to issue any other relief requested herein this Complaint pursuant to 28 U.S.C. §2202. *See* 28 U.S.C. §2202.

## **PARTIES**

7) Plaintiff, Cherrity Honesty-Alexis Meranelli (aka. Eric M. Sorenson) ("Ms. Meranelli"), is a well-known transgender female client located within the MSOP in Moose Lake, Minnesota ("MSOP-ML"). As such, she has been injured by the brutal sexual assault on her at the hands of Doe when she was his roommate, although before such sexual assault, the Defendants had knowledge of the unsafe environment of Ms. Meranelli and Doe being

roommates, and failed to act to keep Ms. Meranelli safe – thus, demonstrating deliberate indifference to Ms. Meranelli's safety.

8) Defendant, Minnesota Department of Human Services ("DHS"), is a political department of the State of Minnesota. It is created by statute, being Minn. Stat. §245.03, subd. 1. Relevant to this Action, DHS, by law, is in charge of the overall operations of the MSOP at both sites, including MSOP-ML. Furthermore, DHS is also in charge of protecting the safety of the clients, including Ms. Meranelli, while they are located at the MSOP sites. DHS is the parent agency of the MSOP. MSOP is charged with the failure to implement policies, practices, procedures with keeping Ms. Meranelli, and other clients at the MSOP, safe from sexual assault at the hands of the other clients within the MSOP sites.

9) Defendant, Minnesota Sex Offender Program ("MSOP"), is statutory creation by the Minnesota Legislature under Minnesota law pursuant to Minn. Stat. §246B.02. It is charged with the immediate overall safe-keeping in health and safety of persons whom have been civilly committed under the Minnesota Commitment and Treatment Act ("MCTA"). The MSOP is currently charged with failing to keep Ms. Meranelli safe from a brutal sexual assault at the hands of another client within the MSOP.

10)     Defendant, State Operated Services ("SOS"), is a Minnesota Legislative creation in which is governed by Minn. Stat. Ch. 246 and has the powers and duties listed under Minn. Stat. §246.01. Currently, the SOS is charged with developing safe environments in all of its statutory creates that are operated within the State of Minnesota and operated by the DHS. SOS has failed to implement a safe environment for clients, including Ms. Meranelli, within the MSOP.

11)     Defendant, Jodi Harpstead ("Harpstead"), is and was at all times relevant to the specific acts and omissions herein, the Commissioner of the DHS. In such position, Defendant Harpstead is charged with the adoption of rules that govern the operation, maintenance, and licensure of the MSOP pursuant to Minn. Stat. §246B.04, Subd. 1. This includes those rules that will ensure a safe environment for those detained within MSOP like Ms. Meranelli. However, Defendant Harpstead failed to adopt such rules allowing Ms. Meranelli to remain safe within the MSOP as she allowed another sexually dangerous client, i.e., Doe, to sexually assault Ms. Meranelli while being roommates with Doe. Defendant Harpstead is currently sued in her official and individual capacities.

12)     Defendant, Nancy A. Johnston ("Johnston"), is and was at all times relevant to the specific acts and omissions of this Action, the CEO/Executive

Director of MSOP. In such a role, Defendant Johnston is lawfully imposed with the responsibility to insure that Ms. Meranelli and other clients at the MSOP have a safe environment free from violent sexual assaults. However, Defendant Johnston has failed to provide for such safe environments allowing Doe to violently sexually assault Ms. Meranelli as specifically stated within this Complaint. Defendant Johnston is currently sued in her official and individual capacities.

13)     Defendant, Terrance ("Terry") K. Kneisel ("Kneisel"), is and was at all times relevant to this Action, the MSOP Facility Director. In such position, Defendant Kneisel is lawfully imposed a duty in which he is to keep and maintain a safe environment for all clients within the MSOP facility, including Ms. Meranelli. Defendant Kneisel has failed to keep a safe environment for Ms. Meranelli. Defendant Kneisel is currently sued in his official and individual capacities.

14)     Defendant, Ann Linkert ("Linkert"), is and was at all times relevant to this Action, and upon information and belief, the Assistant Facility Director of MSOP. In such a position, Defendant Linkert is lawfully responsible for assisting the Facility Director of MSOP and thus assisting in ensuring that a safe environment exists at the MSOP for clients such as Ms. Meranelli and staff. In doing so, Defendant Linkert failed to establish a safe environment to

keep Ms. Meranelli from being brutally sexually violated at the hands of Doe. Defendant Linkert is currently sued in her individual and official capacities in this Action.

15)     Defendant, Mitchel L. Rhodes ("Rhodes"), is a staff member stationed at the MSOP-ML facility. Defendant Rhodes's position is currently unknown. However, he is charged with enforcing rules to ensure the safety of Ms. Meranelli and other clients within the MSOP. However, Defendant Rhodes failed to protect Ms. Meranelli from harm of sexual assault. Defendant Rhodes is currently sued in his official and individual capacity.

16)     Defendant, Corey R. Drabelis ("Drabelis"), is a staff member stationed at the MSOP-ML facility. Defendant Drabelis's position is currently unknown. However, he is charged with enforcing rules to ensure the safety of Ms. Meranelli and other clients within the MSOP. However, Defendant Drabelis failed to protect Ms. Meranelli from harm of sexual assault. Defendant Drabelis is currently sued in his official and individual capacity.

17)     Defendant, Alexandra R. Kaufman ("Kaufman"), is and was at all times relevant to the specific acts and omissions of this Action, a psychologist with the Psychology Department at the MSOP-ML facility. In such a position, Defendant Kaufman is charged with keeping clients safe

from sexual assault from other clients. However, Defendant Kaufman failed to perform such duty to keep Ms. Meranelli safe from a sexual assault from Doe. Defendant Kaufman is currently sued in her official and individual capacities.

18)     Defendant, Mathew D. Barton ("Barton"), is and was at all times relevant to this Action a Security Counselor ("SC") whom was stationed on Complex Unit 1-E at the MSOP-ML site. In such a position, Defendant Barton is and was charged with the general enforcement of safety to Ms. Meranelli and other clients at the MSOP. However, Defendant Barton failed in that general duty by allowing Doe to sexually assault Ms. Meranelli while they were roommates after having knowledge of such pending safety concerns. Defendant Barton is currently sued in his official and individual capacities.

19)     Defendant, Ryan J. Fahland ("Fahland"), is and was at all times relevant to this Action an Assistant Group Supervisor ("AGS") for Complex Unit 1-E ("1-E") at the MSOP-ML site. As such, Defendant Fahland has a duty to provide for the physical safety of all clients within the MSOP-ML site. However, Defendant Fahland failed in his duty to provide for such safety for Ms. Meranelli in that Fahland allowed another client, Doe, to

sexually assault Ms. Meranelli. Defendant Fahland is currently sued in his official and individual capacities.

20)     Defendant, Gary M. Ankarlo ("Ankarlo"), is and was at all times relevant to this Action a psychologist for the MSOP-ML Psychological Department. Defendant Ankarlo is charged with the safety of the clients at the MSOP-ML site, including that of Ms. Meranelli. Defendant Ankarlo however has failed in his duty to protect Ms. Meranelli from harm by failing to keep safe Ms. Meranelli from Doe sexually assaulting Ms. Meranelli when she was roommates with Doe. Defendant Ankarlo is currently sued in his official and individual capacity.

21)     Defendant, Tina L. Olson ("Olson"), is a staff member stationed at the MSOP-ML facility. Defendant Olson's position is currently unknown. However, he is charged with enforcing rules to ensure the safety of Ms. Meranelli and other clients within the MSOP. However, Defendant Olson failed to protect Ms. Meranelli from harm of sexual assault. Defendant Olson is currently sued in her official and individual capacity.

22)     Defendant, Amy N. Farmer ("Farmer"), is and was at all times relevant to this Action a psychologist with the MSOP-ML Psychology Department. Defendant Farmer is charged with the safety of the clients at the MSOP-ML site, including that of Ms. Meranelli. Defendant Farmer however

has failed in his duty to protect Ms. Meranelli from harm by failing to keep safe Ms. Meranelli from Doe sexually assaulting Ms. Meranelli when she was roommates with Doe. Defendant Farmer is currently sued in her official and individual capacity.

23)     Defendant, Kayla R. Taylor ("Taylor"), is and was at all times relevant to this Action a Clinician stationed on Unit 1-E. Defendant Taylor is charged with the safety of the clients at the MSOP-ML site, including that of Ms. Meranelli. Defendant Taylor however has failed in his duty to protect Ms. Meranelli from harm by failing to keep safe Ms. Meranelli from Doe sexually assaulting Ms. Meranelli when she was roommates with Doe. Defendant Taylor is currently sued in her official and individual capacity.

24)     Defendant, Timothy S. Carman ("Carman"), is and was at all times relevant to this Action a SC at the MSOP-ML facility. Defendant Carmen is charged with the safety of the clients at the MSOP-ML site, including that of Ms. Meranelli. Defendant Carmen however has failed in his duty to protect Ms. Meranelli from harm by failing to keep safe Ms. Meranelli from Doe sexually assaulting Ms. Meranelli when she was roommates with Doe. Defendant Carmen is currently sued in his official and individual capacity.

25)     Defendant, Tammy L. Shelton ("Shelton"), is and was at all times relevant to this Action, is an AGS at the MSOP-ML facility. Defendant

Shelton is charged with the safety of the clients at the MSOP-ML site, including that of Ms. Meranelli. Defendant Shelton however has failed in his duty to protect Ms. Meranelli from harm by failing to keep safe Ms. Meranelli from Doe sexually assaulting Ms. Meranelli when she was roommates with Doe. Defendant Shelton is currently sued in her official and individual capacity.

26)    Defendant, Austin M. Preston ("Preston"), is and was at all times relevant to this Action is an SC stationed at the MSOP-ML facility. Defendant Preston is charged with the safety of the clients at the MSOP-ML site, including that of Ms. Meranelli. Defendant Preston however has failed in his duty to protect Ms. Meranelli from harm by failing to keep safe Ms. Meranelli from Doe sexually assaulting Ms. Meranelli when she was roommates with Doe. Defendant Preston is currently sued in his official and individual capacity.

27)    Defendant, Eric J. Woytasek ("Woytasek"), is a staff member stationed at the MSOP-ML facility. Defendant Woytasek's position is currently unknown. However, he is charged with enforcing rules to ensure the safety of Ms. Meranelli and other clients within the MSOP. However, Defendant Woytasek failed to protect Ms. Meranelli from harm of sexual

assault. Defendant Woytasek is currently sued in his official and individual capacity.

28)     Defendant, Johnathan C. Mader ("Mader"), is a staff member stationed at the MSOP-ML facility. Defendant Mader's position is currently unknown. However, he is charged with enforcing rules to ensure the safety of Ms. Meranelli and other clients within the MSOP. However, Defendant Mader failed to protect Ms. Meranelli from harm of sexual assault. Defendant Mader is currently sued in his official and individual capacity.

29)     Defendant, Jacob L. Adams ("Adams"), is a staff member stationed at the MSOP-ML facility. Defendant Adams's position is currently unknown. However, he is charged with enforcing rules to ensure the safety of Ms. Meranelli and other clients within the MSOP. However, Defendant Adams failed to protect Ms. Meranelli from harm of sexual assault. Defendant Adams is currently sued in his official and individual capacity.

30)     Defendant, Brittany L. Montee ("Montee"), is a staff member stationed at the MSOP-ML facility. Defendant Montee's position is currently unknown. However, he is charged with enforcing rules to ensure the safety of Ms. Meranelli and other clients within the MSOP. However, Defendant Montee failed to protect Ms. Meranelli from harm of sexual

assault. Defendant Montee is currently sued in her official and individual capacity.

31) Defendant, Luke L. Wilson ("Wilson"), is a staff member stationed at the MSOP-ML facility. Defendant Wilson's position is currently unknown. However, he is charged with enforcing rules to ensure the safety of Ms. Meranelli and other clients within the MSOP. However, Defendant Wilson failed to protect Ms. Meranelli from harm of sexual assault. Defendant Wilson is currently sued in his official and individual capacity.

32) Defendant, Daniel Werner ("Werner"), is a staff member stationed at the MSOP-ML facility. Defendant Werner's position is currently unknown. However, he is charged with enforcing rules to ensure the safety of Ms. Meranelli and other clients within the MSOP. However, Defendant Werner failed to protect Ms. Meranelli from harm of sexual assault. Defendant Werner is currently sued in his official and individual capacity.

33) Defendant, Anthony M. Herring ("Herring"), is an Officer of the Day ("OD") stationed at the MSOP-ML facility. Defendant Herring is charged with the safety of the clients at the MSOP-ML site, including that of Ms. Meranelli. Defendant Herring however has failed in his duty to protect Ms. Meranelli from harm by failing to keep safe Ms. Meranelli from Doe

sexually assaulting Ms. Meranelli when she was roommates with Doe. Defendant Herring is currently sued in his official and individual capacity.

34)   Defendant, Trevor J. Rychlak ("Rychlak"), is a staff member stationed at the MSOP-ML facility. Defendant Rychlak's position is currently unknown. However, he is charged with enforcing rules to ensure the safety of Ms. Meranelli and other clients within the MSOP. However, Defendant Rychlak failed to protect Ms. Meranelli from harm of sexual assault. Defendant Rychlak is currently sued in his official and individual capacity.

35)   Defendant, Sherry M. Webb ("Webb"), is a registered nurse stationed at the MSOP-ML facility. Defendant Webb is charged with the safety of the clients at the MSOP-ML site, including that of Ms. Meranelli. Defendant Webb however has failed in his duty to protect Ms. Meranelli from harm by failing to keep safe Ms. Meranelli from Doe sexually assaulting Ms. Meranelli when she was roommates with Doe. Defendant Webb is currently sued in her official and individual capacity.

36)   Defendant, Kathleen M. Newhouse ("Newhouse"), is a staff member stationed at the MSOP-ML facility. Defendant Newhouse's position is currently unknown. However, he is charged with enforcing rules to ensure the safety of Ms. Meranelli and other clients within the MSOP. However, Defendant Newhouse failed to protect Ms. Meranelli from harm of sexual

assault. Defendant Newhouse is currently sued in her official and individual capacity.

37)     Defendant, Laura D. Bainbridge ("Bainbridge"), is a staff member stationed at the MSOP-ML facility. Defendant Bainbridge's position is currently unknown. However, he is charged with enforcing rules to ensure the safety of Ms. Meranelli and other clients within the MSOP. However, Defendant Bainbridge failed to protect Ms. Meranelli from harm of sexual assault. Defendant Bainbridge is currently sued in her official and individual capacity.

38)     Defendant, John S. Barry ("Barry"), is a staff member stationed at the MSOP-ML facility. Defendant Barry's position is currently unknown. However, he is charged with enforcing rules to ensure the safety of Ms. Meranelli and other clients within the MSOP. However, Defendant Barry failed to protect Ms. Meranelli from harm of sexual assault. Defendant Barry is currently sued in his official and individual capacity.

39)     Defendant, Kaitlyn L. Marvel ("Marvel"), is a staff member stationed at the MSOP-ML facility. Defendant Marvel's position is currently unknown. However, he is charged with enforcing rules to ensure the safety of Ms. Meranelli and other clients within the MSOP. However, Defendant

Marvel failed to protect Ms. Meranelli from harm of sexual assault. Defendant Marvel is currently sued in her official and individual capacity.

40)    Defendant, William J. Goman ("Goman"), is a staff member stationed at the MSOP-ML facility. Defendant Goman's position is currently unknown. However, he is charged with enforcing rules to ensure the safety of Ms. Meranelli and other clients within the MSOP. However, Defendant Goman failed to protect Ms. Meranelli from harm of sexual assault. Defendant Goman is currently sued in his official and individual capacity.

41)    Defendant, Jena E. Murray ("Murray"), is a staff member stationed at the MSOP-ML facility. Defendant Murray's position is currently unknown. However, he is charged with enforcing rules to ensure the safety of Ms. Meranelli and other clients within the MSOP. However, Defendant Murray failed to protect Ms. Meranelli from harm of sexual assault. Defendant Murray is currently sued in her official and individual capacity.

42)    Defendant, Andrea Youngs ("Youngs"), is a staff member at MSOP-ML facility. Defendant Youngs's position is currently unknown. However, he is charged with enforcing rules to ensure the safety of Ms. Meranelli and other clients within the MSOP. However, Defendant Youngs failed to protect Ms. Meranelli from harm of sexual assault. Defendant Youngs is currently sued in her official and individual capacity

43)     Defendant, Benjamin B. Wallace ("Wallace"), is a staff member stationed at the MSOP-ML facility. Defendant Wallace's position is currently unknown. However, he is charged with enforcing rules to ensure the safety of Ms. Meranelli and other clients within the MSOP. However, Defendant Wallace failed to protect Ms. Meranelli from harm of sexual assault. Defendant Wallace is currently sued in his official and individual capacity.

44)     All Defendants are currently sued in their official and individual capacities for the purposes of this Suit. All Defendants have and continue to act under the Color of State Law.

## **FACTUAL ALLEGATIONS**

### *I)     Ms. Meranelli's Current Legal Status.*

45)     Ms. Meranelli is currently and was a civil detainee and detained at the MSOP-ML site since she was civilly committed pursuant to Minn. Stat. Ch. 253D at all times relevant to this Action.

### *II)    Defendants Failure To Protect Ms. Meranelli From A Brutal Sexual Assault At the Hands Of Doe.*

46)     Prior to April 11, 2022, Ms. Meranelli was moved to 1-E from MSOP-ML Main Building Unit Omega-3 ("Omega") after being falsely

accused and cleared of sexual assault on a client at the MSOP that is not related to this Action.

47)   On April 11, 2022, Ms. Meranelli approached the staff desk on 1-E and complained about a roommate that was scheduled to move into her room on that or the following Wednesday (i.e., April 6 or 13, 2023) and spoke to Defendant Rhodes and Ms. Meranelli stated to Defendant Rhodes that she had safety concerns with this new roommate, Doe, that was announced to Ms. Meranelli. However, Defendant Rhodes directed Ms. Meranelli to leave the 1-E staff desk and provided a Behavioral Expectations Report[1] to Ms. Meranelli for threats and disorderly conduct. Ms. Meranelli did walk away from the 1-E staff desk however.

48)   Again, on April 11, 2022, Ms. Meranelli approached the 1-E staff desk and spoke with Defendant Drabelis and informed him that Ms. Meranelli was having some concerns with her safety if Doe moved into her room. Ms. Meranelli, out of frustration of not being listened to did make a false threat to throw Doe's stuff over the tier if Doe moved into Ms. Meranelli's room. To be clear, by no means was Ms. Meranelli actually going to follow through with the threat. During the talk with Defendant

---

[1] This is a disciplinary ticket given to a client for rule breaking behaviors.

Drabelis, Ms. Meranelli explained that she felt unsafe and did not commit to safety with herself if Doe was moved into her room.

49)     Defendant Drabelis then contacted Defendant Kaufman, whom arrived on 1-E to speak with Ms. Meranelli to assess her safety to herself, upon which, Ms. Meranelli attempted to explain to Defendant Kaufman that she was having troubles with serious safety concerns if Doe moved into her room. Ms. Meranelli informed Defendant Kaufman that Doe may attempt to rape her if he was moved in with her. To memorialize this event Defendants Debrelis, Kaufman, Barton, and Fahland where all contacted and listed in an incident report.

50)     On the same date, April 11, 2022, Defendant Kaufman authored an incident report that Ms. Meranelli was not committing to safety. Ms. Meranelli spoke with Defendant Kaufman and wanted Defendant Kaufman to speak with the other Defendants about Ms. Meranelli's security and safety concerns with Doe moving into her room. However, Defendant Kaufman declined to speak with the other Defendants.

51)     On April 11, 2022, Defendant Taylor authored a report that stated that she heard Ms. Meranelli complain and express her safety concerns with Doe moving into her room.

52)     Again, on April 11, 2022, Defendant Kosloski witnessed Ms. Meranelli express her safety concerns with Doe moving into her room as Defendant Kosloski was present while Ms. Meranelli was speaking to Defendant Kaufman.

53)     Later on April 11, 2022, Defendant Barton approached Ms. Meranelli with a BER and placed on pre-hearing for allegedly threatening a peer. At the same time Defendant Carmen overheard Ms. Meranelli state that she is in fear for her safety because she was fearful that Doe would sexually assault her if Doe moved into her room.

54)     On June 20, 2022, at approximately 4:15 PM, Ms. Meranelli approached the staff desk in 1-E and asked Defendant Barton to visit with her in the upstairs team room in 1-E. During the meeting with Defendant Barton, Ms. Meranelli explained that the night before (June 19, 2022) Ms. Meranelli was sexually assaulted by Doe at about midnight. Defendant Barton asked Ms. Meranelli to remain in the team room while Defendant Barton spoke to a supervisor. At approximately 4:25 PM, Ms. Meranelli left 1-E and escorted by staff to the Health Services Department at the MSOP-ML facility.

55)     At approximately 4:50 PM on June 20, 2022, Defendant Herring called the main-building A-Team office and informed the A-Team that Ms.

Meranelli was sexually assaulted at midnight on June 19, 2022. Defendant Johnathan met Ms. Meranelli at the Health Services Department at the MSOP-ML facility, and collected clothing items from Ms. Meranelli as evidence. Ms. Meranelli explained that those where not the clothing that Ms. Meranelli worse the night prior (i.e., June 19, 2022). After informing Defendant Johnathan of this fact, Defendant Johnathan contacted Defendant Herring, whom was acting as a program manager on June 20, 2022. After a discussion between Defendants Johnathan and Herring, it was decided that they would collect the clothing that Ms. Meranelli was wearing on June 20, 2022 and those that Ms. Meranelli slept in on June 19, 2022. Ms. Meranelli also informed Defendant Johnathan that she slept in a black pair of pants that were still in the room where Ms. Meranelli was sexually assaulted. Upon information and belief, the black pants where never collected from the Defendants. Originally, Defendants Montee and Adams at approximately 5:30 PM on June 20, 2020, brought one pink shirt and one pair of red/black shorts to evidence and listed them on a Notice and Receipt of Secured Items.

56)      Defendant Preston was present when Ms. Meranelli approached the 1-E staff desk on June 20, 2022 at approximately 4:15 PM to report the brutal sexual assault by her on June 19, 2022 by Doe. Defendant Preston escorted

Ms. Meranelli to the Health Services Department at the MSOP-ML facility as directed by Defendant Kosloski.

57)     At approximately 4:20 PM on June 20, 2022, Defendant Kosloski, whom was acting as Officer of the Day, received a call from Defendant Preston, whom was on A-Team, stating that Ms. Meranelli reported that she was brutally sexually assaulted by Doe on June 19, 2022. Defendant Kosloski informed Defendant Preston to contact Defendant Shelton to oversee the process on 1-E after the brutal sexual assault on Ms. Meranelli and to have the room door to Ms. Meranelli and Doe's former room secured with access taken away, and ensure that 1:1 coverage of both Ms. Meranelli and Doe where had in a team room. After Ms. Meranelli being escorted to the Health Services Department by staff, it was decided by staff to transport Ms. Meranelli to Essentia Health – Duluth ("Essentia") to which Defendant Kosloski assigned Defendants Woytasek and Rychlak to be in charge of the transport of Ms. Meranelli. Defendants Woytasek and Rychlak had left the MSOP-ML facility on transport with Ms. Meranelli to Essentia 5:40 PM on June 20, 2022. Ms. Meranelli had not returned back to the MSOP-ML on June 21, 2022 at 1:58 AM.

58)     Upon arrival back to the MSOP-ML facility from transport on June 20, 2022 to Essentia, Defendants Newhouse and Bainbridge escorted Ms.

Meranelli to Unit 1-B ("1-B") to room 106 and provided an incompatibility plan.

59)     Earlier that same day, on June 20, 2022 at approximately 4:30 PM, Defendant Webb had seen Ms. Meranelli in the Health Services Department at the MSOP-ML facility. In doing so, Defendant Webb completed an assessment and gathered information surrounding the brutal sexual assault. In that, Defendant Webb asked Ms. Meranelli what the brutal sexual assault consisted of, and Ms. Meranelli explained that Doe moved the room divider that was up between Ms. Meranelli's and Doe's bed and then Doe stated "your transgender you must like it in the ass." Ms. Meranelli replied to Doe that she did not like it in the ass, yet Doe continued to still proceeded to sexually assault Ms. Meranelli. When Doe was done brutally sexually assaulting Ms. Meranelli, Doe went back to his bed and moved the room divider into its original position prior to the brutal sexual assault. Ms. Meranelli did not report the brutal sexual assault immediately, and at any rate not until the next day June 20, 2022, because of Doe's threats to "beat Ms. Meranelli's ass" if she had "snitched" on Doe for the brutal sexual assault. During the talk with Defendant Webb, Ms. Meranelli expressed that she had changed all of her clothing except her underwear since the assault. Defendant Webb contacted Defendant Barry to inform him of the situation

and Defendant Barry gave orders to send Ms. Meranelli to the Emergency room at Essentia to be assessed by a SANE nurse.

60)     On June 21, 2022, Ms. Meranelli met with the Office of Special Investigation ("OSI") at the MSOP-ML facility on 1-B. Ms. Meranelli explained to OSI the details of the sexual assault as stated above herein.

61)     On June 21, 2022 at approximately 1:04 PM, Defendants Youngs and Wallace where assigned to pack up Ms. Meranelli's old room on 1-E. Overall Defendant Youngs and Wallace packed up 4 gray bins, and 7 plastic bags of miscellaneous items and 2 white laundry bags, a TV, DVD, and 2 speakers and placed the items in a cage and brought the cage to room 929.

62)     Shortly thereafter, Ms. Meranelli, on June 22, 2022 was given her property back that was packed up on June 21, 2022 by Defendants Youngs and Wallace.

## COUNTS ALLEGED

## COUNT I

## DEFENDANTS FAILURE TO PROTECT MS. MERANELLI FROM SEVERE AND BRUTAL SEXUAL ASSAULT AT THE HANDS OF DOE

63)     Ms. Meranelli re-alleges and incorporates by reference all previous paragraphs of this Complaint herein this Section as if fully re-plead here.

64)     Being a transgender female, the courts have found Ms. Meranelli is of

a special class of persons that is vulnerable to sexual assaults in the general

population.

65)     Most courts have found that sexual assaults constitutes a condition

that poses a risk of serious harm for purposes of a failure to protect claim.

66)     Furthermore, sexual assaults, even attempted, constitutes intentional

infliction of emotional distress.

67)     According to the WPATH standards of care for transgenders located

in institutions, the Defendants where to always look out for the safety and

security of transgender persons in their custody and to look for safe housing

for those transgender persons including Ms. Meranelli. In this Action, the

Defendants failed to do so.

68)     Therefore, for the above stated reasons, the Defendants have willfully

and maliciously failed to protect Ms. Meranelli from a brutal sexual assault

at the hands of Doe, given the specific acts and omissions stated herein, in

violation of Ms. Meranelli's well-established rights under the Due Process

Clause of the Fourteenth Amendment of the U.S. Constitution, Art. I, §§ 2

and 7 which Ms. Meranelli seeks to become whole under 42 U.S.C. §1983,

Prison Rape Elimination Act, Negligence, Intentional Infliction Of

Emotional Distress, and Negligent Infliction Of Emotional Distress.

69)    Until and unless this Honorable Court orders relief against the Defendants, Ms. Meranelli has, is, and will continue to be injured by the Defendants specific acts and omissions specifically stated herein this Complaint.

## RELIEF REQUESTED

**WHEREFORE,** Ms. Meranelli hereby respectfully prays this Honorable Court grant the following in the way of relief in this Action:

1) Issue Declaratory relief by against Defendants and in favor of Ms. Meranelli declaring each and every violation found in this Matter to violate Ms. Meranelli's corresponding rights;

2) Issue a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction against the Defendants, their agents, assigns, etc... in the following:

   a. To develop a policy that allows for transgender clients, including Ms. Meranelli, to be safe in their housing choices;

   b. Develop a unit solely for transgender clients, including Ms. Meranelli at the MSOP-ML facility;

   c. Refrain from performing the same or similar actions that are the subject matter of this Complaint;

3) Issue Nominal Damages against the Defendants for each and every violation of Ms. Meranelli's rights this Honorable Courts finds in favor of Ms. Meranelli;

4) Issue Compensatory Damages against the Defendants, jointly or severally;

5) Issue Punitive Damages against the Defendants, jointly or severally, for their willful and malicious behaviors as specifically stated herein this Verified Complaint;

6) Issue any pre- and post- award of interest against the Defendants since the initiation of this Action as allowed by law;

7) Issue costs and fees associated with this Action;

8) Appoint Ms. Meranelli the appointment of counsel in this Action;

9) Issue any other just and necessary equitable relief this Honorable Court deems just and necessary.

Dated: Tuesday, March 28, 2023          Respectfully Submitted:

X_____

Eric M. Sorenson (Cherrity H. Meranelli)

1111 Highway 73
Moose Lake, Minnesota 55767
*Plaintiff.*

# VERIFICATION OF COMPLAINT

Page 28 of 29

I, Cherrity Honesty-Alexis Meranelli (aka. Eric M. Sorenson), being the above named Plaintiff, do hereby state and certify under the Penalties of Perjury pursuant to 18 U.S.C. §xx, that the above paragraphs are true and correct to the best of my ability with the exception of those paragraphs under information and belief, and, as to those said paragraphs, they are true and correct to the best of my information and belief.

Executed on Tuesday, March 28, 2023 at Carlton County, Moose Lake, Minnesota.

Respectfully Submitted:

X _____

Eric M. Sorenson (Cherrity H. Meranelli)

1111 Highway 73
Moose Lake, Minnesota 55767
*Plaintiff.*