# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Cherrity Honesty-Alexis Meranelli, *a/k/a Eric M. Sorenson*, | Case No. 23-cv-848 (JWB/TNL) |
| Plaintiff, | |
| v. | **ORDER AMENDING CASE MANAGEMENT ORDER** |
| Minnesota Department of Human Services, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendants' Motion to Strike Plaintiff's Untimely Response, or in the Alternative, to Amend the Case Management Order, ECF No. 38 ("Motion to Strike" or "Motion to Amend"). Defendants filed a Certificate of Service, ECF No. 43, certifying that Plaintiff was served with Defendants' Motion to Strike or Motion to Amend. Plaintiff did not file a response to Defendants' Motion to Strike or Motion to Amend.

On July 28, 2023, Defendants filed a Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss"). *See* ECF No. 26. The Court's Case Management Order, ECF No. 32, set forth Plaintiff's deadline to respond to Defendants' Motion to Dismiss. Plaintiff's deadline to respond was August 28, 2023; however, Plaintiff filed her Opposition to Defendants' Motion to Dismiss ("Opposition to Motion to Dismiss") 24 days later on September 21, 2023. *See* ECF No. 34. Because of Plaintiff's late filing, Defendants could not timely file their reply which was scheduled by the Court's Case Management Order to

1

be filed by September 12, 2023. As a result of the Plaintiff's untimely Opposition to Motion to Dismiss, Defendants seek an order striking Plaintiff's Opposition to Motion to Dismiss as untimely, or in the alternative, an order amending the Court's Case Management Order. *See* ECF No. 38.

## I.   PROCEDURAL DEFICIENCIES

First and foremost, the Court reminds Plaintiff that her pro se status does not excuse her from complying with all applicable rules, laws, orders of the Court, and the like in this case. *See, e.g.*, *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (pro se status does not entitle litigant to disregard Federal Rules of Civil Procedure or court's local rules); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law."). Future failure to follow all applicable rules and orders of the Court may result in sanctions up to and including dismissal of this case. *See* Fed. R. Civ. P. 41(b).

## II.   STRIKING PLAINTIFF'S UNTIMLEY RESPONSE

In support of Defendants' Motion to Strike, Defendants argue that Plaintiff failed to utilize her options for late filing under Federal Rule of Civil Procedure 6(b). *See* ECF No. 40 at 2. Further arguing that rather than filing a motion to extend Plaintiff's time to respond under Federal Rule of Civil Procedure 6(b), Plaintiff just filed her late response. *Id.* Therefore, Defendants argue that Plaintiff failed to explain her late filing and that such failure justifies striking Plaintiff's Opposition to Motion to Dismiss. *Id.* at 3. The Meet and Confer Certificate filed in conjunction with Defendants' Motion to Strike explains that

Plaintiff never received the Court's Case Management Order. *See* ECF No. 41 ¶ 2. Defendants also explains that even if Plaintiff did not receive the Court's Case Management Order the United States District Court for the District of Minnesota's Local Rule 7.1 provides briefing deadlines which Plaintiff also failed to satisfy. *Id.*

While Plaintiff did not seek leave to extend the deadline to file her Opposition to Motion to Dismiss under Federal Rule of Civil Procedure 6(b), Plaintiff nonetheless gave a reason for her untimely response. That is, Plaintiff did not receive the Court's Case Management Order. *Id.* Thus, Defendants argument fails and Defendants' Motion to Strike is denied. Nevertheless, Plaintiff is again reminded of her obligation to comply with all applicable rules, laws, orders of the Court, and the like in this case. *See Soliman*, 412 F.3d at 922.

### III.   MODIFICATION OF THE CASE MANAGEMENT ORDER

In the alternative, Defendants seek an order amending the Case Management Order, ECF No. 32, to give Defendants two weeks from the date of this order to reply to Plaintiff's Opposition to Motion to Dismiss. *See* ECF No. 40 at 4-5.

Federal Rule of Civil Procedure 6(b)(1)(B) permits the Court to extend the time for a party to submit a filing after the time has expired "if the party failed to act because of excusable neglect." *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (quoting Fed. R. Civ. Pro. 6(b)(1)(B)). "Excusable neglect under Rule 6(b) is a somewhat elastic concept." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (internal quotations omitted). This concept "empowers courts to accept, where appropriate . . . late filings caused by inadvertence, mistake, or carelessness, as well as by

intervening circumstances beyond the party's control." *Chorosevic*, 600 F.3d at 946 (internal quotations and citation omitted).

To determine whether neglect is indeed excusable, four factors are considered. *Id.* Those four factors are: "(1) the possibility of prejudice to [Plaintiff]; (2) the length of [Defendants'] delay and the possible impact of that delay on judicial proceedings; (3) [Defendants'] reasons for delay, including whether the delay was within [Defendants'] reasonable control; and (4) whether [Defendants'] acted in good faith." *Id* (quoting *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999)).

All four factors weigh in favor of extending the time for Defendants to file their reply. First, Plaintiff will not suffer prejudice from Defendants filing their reply, especially since the Court permitted a reply in the Case Management Order. *See* ECF No. 32. Second, the length of the delay was not due to Defendants' fault, and Defendants filed this Motion to Amend shortly after Plaintiff's Opposition to Motion to Dismiss was filed. Third, the reason for the delay was because Plaintiff filed her Opposition to Motion to Dismiss after the Defendants' reply to Plaintiff's Opposition to Motion to Dismiss was due. Thus, when Defendants' reply to Plaintiff's Opposition to Motion to Dismiss came due there was no response for Defendants to reply to. Fourth, Defendants acted in good faith because the delay occurred at no fault of their own. Because all four factors are satisfied, Defendants' Motion to Amend is granted.

# IV. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Strike Plaintiff's Untimely Response, or in the Alternative, to Amend the Case Management Order, ECF No. 38, is **GRANTED IN PART** and **DENIED IN PART**.

2. Defendants shall file their reply to Plaintiff's Opposition to Motion to Dismiss on or before **November 2, 2023.**

3. Plaintiff is again reminded of the need to obtain and review a copy of the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Minnesota.

4. All prior consistent Orders remain in full force and effect.

5. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: October 19, 2023

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Meranelli v. Minnesota Department of Human Services, et al.*
Case No. 23-cv-848 (JWB/TNL)