## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Cherrity Honesty-Alexis Meranelli
*also known as*
Eric M. Sorenson,

        Plaintiff,

v.

Minnesota Department of Human
Services, et al.,

        Defendants.

Case No. 23-cv-848 (JWB/TNL)

**REPORT &
RECOMMENDATION**

---

Cherrity Honesty-Alexis Meranelli a/k/a Eric M. Sorenson, 1111 Highway 73, Moose
Lake, MN 55767 (pro se Plaintiff); and

Jacqueline Clayton, Assistant Attorney General, Minnesota Attorney General's Office,
445 Minnesota Street, Suite 1400 St. Paul, MN 55101 (for Defendants).

---

## I. INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on

Defendant Minnesota Department of Human Services, et al.'s Motion to Dismiss Plaintiff

Cherrity Honesty-Alexis Meranelli's Complaint, ECF No. 26. This motion has been

referred to the undersigned for a report and recommendation to the district court, the

Honorable Jerry W. Blackwell, District Judge for the United States District Court for the

District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1. *See* ECF No. 33.

Based upon all the files, records, and proceedings herein, and for the reasons that

follow, the Court recommends that Defendants' Motion to Dismiss, ECF No. 26, be granted

1

in part and denied in part and this matter be dismissed.

## II. BACKGROUND

On April 4, 2023, pro se Plaintiff Cherrity Honesty-Alexis Meranelli filed a Complaint against several Defendants including the Minnesota Department of Human Services ("DHS"), the Minnesota Sex Offender Program ("MSOP"), the State Operated Services ("SOS"), and several Defendants both in their individual and official capacities. *See generally* Compl., ECF No. 1. Plaintiff brings a failure-to-protect claim pursuant to 42 U.S.C. § 1983 through the Fourteenth Amendment of the United States Constitution including but not limited to state law claims and injunctive relief. *Id.* ¶ 68. Plaintiff is a transgender female and is currently a civil detainee at the MSOP- Moose Lake facility. *Id.* ¶¶ 1, 7, 45. Plaintiff's Complaint focuses on the lead up to and aftermath of an alleged sexual assault of Plaintiff by a new roommate referred to in the Complaint as "Doe". *See generally* Compl. Plaintiff alleges that Defendants failed to protect her from the alleged sexual assault even though she had reported safety and security concerns to Defendants about having Doe as a roommate at the MSOP-Moose Lake facility. *Id.* ¶¶ 47-53, 68.

On July 28, 2023, Defendants brought this motion to dismiss the Complaint. *See* ECF No. 26. Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), Defendants move the Court to dismiss the case with prejudice. *See* Defs.' Mem. in Supp. of Mot. to Dismiss Pl.'s Compl. (hereinafter "Defs.' Mem. in Supp."), ECF No. 28 at 1-2, 26. Plaintiff filed her response to the motion to dismiss on September 21, 2023. *See* Pl.'s Mem. in Opp'n of Defs.' Mot. to Dismiss Pl.'s Compl. (hereinafter "Pl.'s Mem. in Opp'n"), ECF No. 34. Plaintiff's response was untimely. *See* Case Management Order, ECF No. 32.

Because of Plaintiff's untimely response, Defendants brought a Motion to Strike Plaintiff's Untimely Response, or in the Alternative, to Amend the Case Management Order. *See* Defs.' Mot. to Strike, ECF No. 38. The Court granted in part and denied in part Defendants' motion to strike. *See* Order Amending Case Management Order, ECF No. 44. The Court denied Defendants' request to strike Plaintiff's untimely response and granted Defendants' request to amend the case management order to give Defendants additional time to file their reply to Plaintiff's untimely response. *Id.* at 3-5. In accordance with the Court's Order, Defendants filed their reply to Plaintiff's untimely response. *See* Defs.' Reply Mem. in Supp. of Mot. to Dismiss Pl.'s Compl. (hereinafter "Defs.' Reply"), ECF No. 45.

### III. ANALYSIS

#### A. Motion to Dismiss

Defendants ask the Court to dismiss this matter with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). *See* Defs.' Mem. in Supp. at 1-2.

#### B. Legal Standards

Rule 12(b)(1) allows a court to dismiss a complaint for lack of subject-matter jurisdiction. *See also Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990) ("[B]ecause jurisdiction is a threshold question, judicial economy demands that the issue be decided at the outset rather than deferring it until trial . . . ."). In the Eighth Circuit— where this Court sits— "sovereign immunity is a jurisdictional question." *Hagen v. Sisseton-Wahpeton Community College*, 205 F.3d 1040, 1043 (8th Cir. 200) (quoting *Rupp v. Omaha Indian Tribe*, 45 F.3d 1241, 1244 (8th Cir. 1995)). "A court deciding a motion

under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack.'" *Osborn*, 918 F.2d at 729 n.6. With a facial attack, which is the type of challenge we have here, the Court restricts itself to the face of the pleadings and Plaintiff receives the same protections against a motion to dismiss under Rule 12(b)(6). *Id.*

Rule 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. Threadbare recitals of elements of causes of actions supported by mere conclusory statements do not need to be accepted as true. *Id.* "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 663-664 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A court should assume the veracity of well-pleaded factual allegations and then determine whether those well-pleaded factual allegations plausibly give rise to entitlement of relief. *Id.*

Even though pro se complaints are required to be construed liberally, a pro se plaintiff must still allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004); *see Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as

true, states a claim as a matter of law.").

### C. Plaintiff's Claims Against Defendants DHS, MSOP, SOS, and Official-Capacity Defendants are Dismissed

Defendants argue for all claims against DHS, MSOP, SOS, and all official-capacity Defendants be dismissed pursuant to Rule 12(b)(1) and (6). *See* Defs.' Mem. in Supp. at 5-8, 17-20.

#### 1. MSOP and SOS

With respect to Defendants MSOP and SOS, Defendants argue that MSOP and SOS are not cognizable legal entities subject to suit. *Id.* at 5-6. Plaintiff argues that this Court has subject matter jurisdiction over MSOP and SOS because those Defendants are cognizable legal entities subject to suit. *See* Pl.'s Mem. in Opp'n at 9-10.

MSOP and SOS appear to be state-operated programs, not cognizable legal entities that have the capacity to be sued. *See* Minn. Stat. §§ 246.01, 246B.02. Plaintiff fails to allege facts to show otherwise. *See* Compl. ¶¶ 8-10. MSOP and SOS must be agencies of the State of Minnesota to be capable of being sued, but neither MSOP nor SOS are separate legal entities. *See, e.g.*, *Brown v. Fifth Judicial Dist. Drug Task Force*, 255 F.3d 475 (8th Cir. 2001) (dismissing complaint for failure to sue a legal entity capable of being sued). Even if MSOP and SOS were state agencies, there must be allegations that the State of Minnesota waived its immunity and consented to being sued in this case or Congress abrogated the State of Minnesota's immunity. *See Rose v. State of Neb.*, 748 F.2d 1258, 1262 (8th Cir. 1984) ("In the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh

Amendment. This jurisdictional bar applies regardless of the nature of the relief sought.")
(quoting *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)); *Johnson v. Minnesota Sex Offender Program, (MSOP), Treatment Facility*, Civil No. 12-1875 (DSD/LIB), 2012 WL 3848571, at *2 (D. Minn. Aug. 15, 2012), *report and recommendation adopted*, 2012 WL 3854977 (D. Minn. Sept. 5, 2012) ("The Eleventh Amendment provides that states and their agencies are immune from suit in federal court, unless the state has consented to be sued, or Congress has abrogated the state's immunity by some *express* statutory provision."). In this case, the State of Minnesota neither waived its immunity nor did Congress abrogate the State of Minnesota's immunity. *See* Defs.' Mem. in Supp. at 7. As a result, the Court does not have subject matter jurisdiction over MSOP and SOS and any claims against those state-operated programs are dismissed.

### 2. DHS, MSOP, and SOS

Defendants additionally argue that DHS, MSOP, and SOS cannot be sued under 42 U.S.C. § 1983 because DHS, MSOP, and SOS are not considered "persons" within the meaning of Section 1983. *See* Defs.' Mem. in Supp. at 6. In response, Plaintiff argues that entities such as DHS, MSOP, and SOS are subject to suit when execution of a custom inflicts injury. *See* Pl.'s Mem. in Opp'n at 10.

Section 1983 is applicable to "[e]very person who, under the color of any statute . . . custom . . . of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. DHS, MSOP, and SOS

cannot be sued under Section 1983 because those Defendants are not "persons" within the meaning of Section 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 64 (1989) ("[A] State is not a person within the meaning of § 1983.").

To the extent Plaintiff is pursuing damages against Defendants in their official capacities, *see also infra* Part III Section E, those claims, too, are also dismissed pursuant to Rule 12(b)(1) because the Eleventh Amendment bars Plaintiff's claims for damages against those Defendants. *See Will*, 491 U.S. at 71 ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (internal citation omitted). The Court further notes that Plaintiff conceded that she is not pursuing damages against Defendants in their official capacities. *See* Pl.'s Mem. in Opp'n at 9.

In support of Plaintiff's argument that entities such as DHS, MSOP, and SOS are subject to suit when execution of a custom inflicts injury, Plaintiff, for the first time, asserts in her responsive memorandum new allegations that DHS, MSOP, and SOS "have a pervasive history of sexual assaults in their entities" and this "pervasive history has the force of law" and "DHS, MSOP, and SOS have failed to provide any adequate training for the Defendants on how to handle transgender clients" and "[i]f the DHS, MSOP, and SOS would have provided the training to their employs [sic], then the brutal assaults on Ms. Meranelli and others would not have happened." Pl.'s Mem. in Opp'n at 10-11. Plaintiff asserts a new allegation that there is inadequate training for Defendants on transgender clients. *Id.* at 11. Plaintiff is alleging that a custom of failure to train caused the alleged

sexual assault and therefore DHS, MSOP, and SOS can be sued under Section 1983. *Id.*

These newly asserted allegations are not alleged in Plaintiff's Complaint. *See generally* Compl. While the Court appreciates that Plaintiff is pro se, and pro se complaints are to be construed liberally, pro se complaints must still allege sufficient facts in the complaint. *Stone*, 364 F.3d at 914. The Court will not consider newly asserted allegations that were not alleged in the Complaint. *See Glick v. Western Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (declining to consider facts presented for the first time in an opposition to a motion to dismiss because those factual allegations were not included in the amended complaint). In her opposition, Plaintiff is attempting to assert claims under *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978) even though Plaintiff's Complaint does not reference *Monell* claims. In general, Plaintiff's opposition asserts new allegations that were not alleged in the Complaint and Plaintiff incorrectly asserts that her opposition amended her Complaint and asks the Court to deny Defendants' motion as moot. *See* Pl.'s Mem. in Opp'n at n.4. Amending a pleading through an opposition brief to a motion to dismiss is not the correct procedure for amending a pleading. *See* Fed. R. Civ. P. 15; *Morgan Distributing Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (finding it axiomatic for a complaint not to be amended by a brief in opposition to a motion to dismiss).

Regardless, a plaintiff must demonstrate three elements to establish a claim of "custom" liability under Section 1983. *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014). Those elements are: "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

(2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the official of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation." *Id.* (citing *Johnson v. Douglas Cnty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013)). Plaintiff "must prove that the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [government entity] can reasonably be said to have been deliberately indifferent to the need." *B.A.B., Jr. v. Board of Educ. of City of St. Louis*, 698 F.3d 1037, 1040 (8th Cir. 2012) (internal quotation and citation omitted). Deliberate indifference requires "a level of culpability equal to the criminal law definition of recklessness, that is, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.'" *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). These are rigorous standards to meet.

Plaintiff's Complaint fails to plead any factual allegations to support a Section 1983 claim against Defendants DHS, MSOP, and SOS as well as against Defendants in their official capacities. *See also Gladden v. Richbourg*, 759 F.3d 960, 968 (8th Cir. 2014) ("Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by 'a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'") (quoting *Grayson v. Ross*, 454 F.3d 802, 810 (8th Cir. 2006)). Plaintiff's Complaint falls short of

alleging any facts relating to training practices. *See generally* Compl. Plaintiff's Complaint is absent of any allegation that a need for different training is so obvious that it rises to the level of deliberate indifference. *Id.* Plaintiff fails to allege sufficient facts to state a failure to train claim. *See Twombly*, 550 U.S. at 570. Thus, Plaintiff's alleged Section 1983 claim against Defendants DHS, MSOP, and SOS (and to the extent Plaintiff also alleges a Section 1983 claim against Defendants in their official capacities) is dismissed pursuant to Rule 12(b)(6).

### 3. Temporary Restraining Order ("TRO") and Injunctive and Permanent Relief

Plaintiff's request for a "TRO as well as injunctive and permanent relief" is also dismissed. *See* Compl. at 27. Although Plaintiff does not include this requested relief as alleged counts in the Complaint, she does include the claims in her prayer for relief. *Id.* The Court will nonetheless consider these claims because the Court construes a pro se complaint liberally. But again, Plaintiff must still allege sufficient facts. *Stone*, 364 F.3d at 914. Plaintiff seeks a "TRO and injunctive and permanent relief" to require DHS, MSOP, SOS, and official-capacity Defendants to develop a policy to allow transgender clients to be safe in their housing, to develop a unit solely for transgender clients at the MSOP-Moose Lake facility, and to refrain from performing the actions that are alleged in the Complaint. *See* Compl. at 27. Defendants argue that Plaintiff fails to state a claim for a TRO or for any type of injunctive relief. *See* Defs.' Mem. in Supp. at 17-20.

There are four factors for the Court to consider when deciding whether to issue a TRO or preliminary injunction. Those four factors are: "(1) the threat of irreparable harm

to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties [sic] litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).

With respect to the first factor, Plaintiff does not allege any threat of irreparable harm. Rather she alleges that after Plaintiff reported the alleged sexual assault to certain staff (whom she names as Defendants in her Complaint) the clothes she wore the night of the alleged assault were collected as evidence. *See* Compl. ¶¶ 54-58. Plaintiff was then escorted to the Health Services Department at the MSOP-Moose Lake facility and later transported to Essentia Health in Duluth, Minnesota, and upon return to MSOP-Moose Lake, escorted to a new unit and room away from the alleged attacker, Doe. *Id.* Plaintiff also alleges that her alleged sexual assault was investigated and her belongings from the room where the assault allegedly occurred were packed up and returned to her. *Id.* ¶¶ 59-62.

None of these factual allegations come close to showing that there is an ongoing threat of harm to Plaintiff that could be prevented by an injunction. *See S.J.W. ex rel. Wilson v. Lee's Summit R-7 School Dist.*, 696 F.3d 771, 778 (8th Cir. 2012) ("To succeed in demonstrating a threat of irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief.") (internal quotation and citation omitted); *Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007) ("Standing to seek injunctive relief requires a plaintiff, *inter alia*, to show a likelihood of a future injury."). The factual allegations in the Complaint

11

show that Plaintiff has been removed from the unit and room where the alleged sexual assault occurred. *See* Compl. ¶ 58. Thus, the only potential ongoing harm to Plaintiff is speculative. And speculative harm does not support the requested relief. *S.J.W. ex rel. Wilson*, 696 F.3d at 779; *see also Minn. Ass'n of Health Care Facilities, Inc. v. Minn. Dep't of Pub. Welfare*, 602 F.2d 150, 154 (8th Cir. 1979) ("[T]he speculative nature of the threatened harm support[s] the denial of injunctive relief."). Failure to show such harm may be enough to deny the requested relief without considering the remaining factors. *See Caballo Coal Co. v. Ind. Mich. Power Co.*, 305 F.3d 796, 800 (8th Cir. 2002) ("The *Dataphase* court noted that a failure to demonstrate irreparable harm, standing alone, may be a sufficient basis to deny preliminary injunctive relief.") (citing *Dataphase*, 640 F.2d at 114 n.9).

Because Plaintiff fails to show a threat of ongoing harm that is "certain and great", the second factor, the balance between this harm and the injury that granting the injunction will inflict on other parties, does not weigh in Plaintiff's favor because again there is no harm for the Court to balance. *See S.J.W. ex rel. Wilson*, 696 F.3d at 778. The potential harm to Plaintiff is speculative, but nonetheless granting the requested relief would pose a significant burden on Defendants and disrupt the mutual courtesy between the federal court and state government. *See Glenwood Bridge, Inc. v. City of Minneapolis*, 940 F.2d 367, 372 (8th Cir. 1991) ("Given that the City's interest is theoretically the public's, to some extent . . . [*Dataphase*] factors [two and four] are connected."); *Munt v. Schnell*, No. 19-CV-1142 (NEB/ECW), 2020 WL 4382811, at *29 (D. Minn. July 31, 2020) ("Few public interests have a higher claim upon the discretion of a federal chancellor than the avoidance

of needless friction with state policies.") (internal quotation omitted) (quoting *Dixon v. City of St. Louis*, 950 F.3d 1052, 1056 (8th Cir. 2020)).

Based on the record before the Court, requiring Defendants to develop a policy to allow transgender clients to be safe at MSOP-Moose Lake facility and to develop a unit solely for transgender clients at the MSOP-Moose Lake facility would significantly disrupt the State of Minnesota's ability to manage its own programs. Thus, the second and fourth factors favor denial of Plaintiff's requested relief. *See also Munt*, 2020 WL 4382811, at *29 (finding the second and fourth *Dataphase* factors weigh in favor of denying injunctive relief because the requested relief would "intrude on the State of Minnesota's ability to manage its own affairs, and would do so in the particularly sensitive area of prison management").

Requiring Defendants also to refrain from performing the actions that are alleged in the Complaint is only requiring Defendants to follow the law. Such a generalized request is not permitted. *See Daniels v. Woodbury Cty., Iowa*, 742 F.2d 1128, 1134 (8th Cir. 1984) ("An injunction which does little or nothing more than order the defendants to obey the law is not specific enough . . . [i]t neither provides plaintiff or defendant with a clear idea of what conduct is prohibited nor can we 'begin to assess the correctness of the judgement entered . . . without knowing its precise bounds'") (internal citation omitted) (quoting *Schmidt v. Lessard*, 414 U.S. 473, 477 (1974)). An injunction or restraining order from this Court requiring Defendants to refrain from performing the actions alleged in the Complaint would fail to meet the requirements under Federal Rule of Civil Procedure 65(d). *See* Fed. R. Civ. P. 65(d).

13

Lastly, the third factor, the likelihood of success on the merits, is the most significant factor. *S.J.W. ex rel. Wilson*, 696 F.3d at 776. *See also Jet Midwest Int'l Co., Ltd. v. Jet Midwest Grp., LLC*, 953 F.3d 1041, 1044 (8th Cir. 2020) ("Success on the merits has been referred to as the most important of the four [*Dataphase*] factors.") (quoting *Roudachevski v. All-Am. Care Centers, Inc.*, 648 F.3d 701, 706 (8th Cir. 2011)). As discussed above, Plaintiff is unlikely to succeed on the merits of her Section 1983 claim against DHS, MSOP, SOS, and official-capacity Defendants. All the factors favor denying the requested relief because Plaintiff fails to state claim for a TRO or injunctive and permanent relief pursuant to Rule 12(b)(6).

### D. Plaintiff's Failure-to-Protect Claim Against Individual Capacity Defendants is Dismissed

Defendants ask the Court, pursuant to Rule 12(b)(6), to dismiss Plaintiff's failure-to-protect claim under Section 1983 against the 33 named individual capacity Defendants. *See* Defs.' Mem. in Supp. at 8. A Plaintiff's failure-to-protect claim is analyzed under the standard that applies to Eighth Amendment deliberate-indifference claims brought by prisoners. *Lindsey v. Kneisel*, Case No. 22-CV-413 (NEB/DJF), 2023 WL 386730, at *4 (D. Minn. Jan. 6, 2023). "Prison staff must 'protect prisoners from violence at the hands of other prisoners' and 'take reasonable measures to guarantee the safety of inmates,' but not 'every injury suffered by one prisoner at the hands of another' is a constitutional violation." *Id.* (quoting *Farmer*, 511 U.S. at 832-34).

There are two elements of a deliberate-indifference claim. "The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious. The

second requirement is subjective and requires that the inmate prove that the prison officials had a sufficiently culpable state of mind." *Nelson v. Shuffman*, 603 F.3d 439, 446 (8th Cir. 2010) (internal quotation and citation omitted). Regarding the first prong, "[a]n alleged violation is 'objectively [and] sufficiently serious' when the inmate 'is incarcerated under conditions posing a substantial risk of serious harm.'" *Kulkay v. Roy*, 847 F.3d 637, 642 (8th Cir. 2017) (quoting *Farmer*, 511 U.S. at 834). As to the second prong, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Plaintiff alleges that roughly eight Defendants were aware of her reported "security and safety concerns" regarding a new roommate, Doe, who was set to move into her room at the MSOP-Moose Lake facility. *See* Compl. ¶¶ 47-53. These eight Defendants are Mitchel Rhodes, Corey Drabelis, Alexandra Kaufman, Matthew Barton, Ryan Fahland, Kayla Taylor, Andrea Kosloski, and Timothy Carman. *Id.* ¶¶ 15-19, 23-24, 47-53. While Plaintiff asserts her failure-to-protect claim against all Defendants generally, she does not allege her claim against all individual capacity Defendants. *Id.* ¶ 44. Plaintiff "must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff does not allege facts showing how each Defendant was personally involved in the alleged violation of her Constitutional rights. The Court, however, construes Plaintiff's Complaint liberally. *Stone*, 364 F.3d at 914. But even then, Plaintiff must still allege sufficient facts. *Id.*

Plaintiff alleges that she had security and safety concerns with Doe becoming her roommate at the MSOP-Moose Lake facility because she feared Doe would sexually

assault her if Doe ended up sharing a room with her. Compl. ¶¶ 47-53. Plaintiff specifically alleges that she reported the safety concerns that Doe might sexually assault her to Defendant Kaufman and that Defendant Carman overheard Plaintiff state that she feared for "her safety because she was fearful that Doe would sexually assault her if Doe moved into her room." *Id.* ¶¶ 49, 53. The Complaint also alleges that Plaintiff reported safety and or security concerns to Defendants Rhodes, Drabelis, Barton, Fahland, Taylor, and Kosloski. *Id.* ¶¶ 47-53.

Plaintiff fails to allege that she was faced with a substantial risk of serious harm. The Eighth Circuit has found an inmate to be faced with a substantial risk of serious harm when officials assigned the inmate to a room with an inmate that had a history of sexually assaulting other inmates as well as making physical and sexual threats to staff and inmates alike. *Nelson*, 603 F.3d at 447. There, the Eighth Circuit found an objectively serious risk of harm because the harm was readily apparent. *Id.*; *see, e.g.*, *Irving v. Dormire*, 519 F.3d 441, 445, 448-49 (8th Cir. 2008) (finding a sufficient risk of serious harm when an officer made verbal death threats to an inmate). Plaintiff alleges vague "security and safety concerns" with a potential roommate to roughly eight named Defendants and threatened "to throw Doe's stuff over the tier if Doe moved into" Plaintiff's room. *See* Compl. ¶ 48. Even assuming that Plaintiff plausibly alleged a substantial risk of harm, she did not plead any factual content to establish how each of the 33 Defendants were individually and personally aware of the risk of serious harm, and deliberately disregarded that risk. None of the factual allegations support a reasonable inference that Defendants had actual knowledge of a substantial risk of serious harm to Plaintiff. *See generally* Compl.

Nothing in Plaintiff's response in opposition changes this outcome. In her opposition brief, Plaintiff asserts new allegations to establish that all 33 Defendants were subjectively aware of a substantial risk of serious harm to Plaintiff. *See* Pl.'s Mem. in Opp'n at 14-26. In support, Plaintiff references and attaches an affidavit and exhibits that were not included in the Complaint. *Compare* ECF No. 35 *with* Compl. The Court declines to consider the affidavit and most of the exhibits because when considering a Rule 12(b)(6) motion to dismiss, a court must "ignore materials outside the pleadings but may consider materials that are part of the public record or do not contradict the complaint, and materials that are 'necessarily embraced by the pleadings.'" *Nelson Auto Ctr., Inc. v. Multimedia Holdings Corp.*, 951 F.3d 952, 955 (8th Cir. 2020) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).  The Court will consider the Exhibits I, III, VIII, and IX because those documents are incorporated in the Complaint by reference. *See Smithrud v. City of St. Paul*, 746 F.3d 391, 397 (8th Cir. 2014) (explaining that for purposes of a motion to dismiss, the court may consider materials that are embraced by the pleadings). Exhibit I, ECF No. 35-1 are the incident reports that Plaintiff refers to in her Complaint. *See generally* Compl. Exhibit III, ECF No. 35-3; Exhibit VIII, ECF No. 35-8; and Exhibit IX, 35-9 are published materials which are matters of public record. *See Nelson*, 951 F.3d at 955.

The Court will not consider allegations that do not appear in Plaintiff's Complaint. *See also* Defs.' Mem. in Supp. at 3-5 (outlining the new allegations asserted in Plaintiff's opposition brief as well as the new affidavit and exhibits that should not be embraced by the Complaint). Even considering the new allegations (including the affidavit and exhibits),

none is not enough to state a claim for deliberate indifference. To establish that Defendants were all subjectively aware of a substantial risk of serious harm to Plaintiff by Doe and recklessly disregarded that risk, Plaintiff alleges that Defendants are aware that sexual and physical assaults frequently occur at MSOP. *See* Pl.'s Mem. in Opp'n at 14-26. For example, in support, Plaintiff points to memos issued by MSOP. *Id.* at 17. This new allegation does not plausibly plead that Defendants had actual knowledge that Doe, the alleged assailant, posed a substantial risk of serious harm to Plaintiff. *See Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (finding that a plaintiff must allege defendants' personal involvement to support a Section 1983 claim); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("Although it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions."). While the new allegations show that sexual assaults may have occurred at MSOP in the past, they do not show factual allegations that Doe posed a substantial risk of serious harm to Plaintiff of which Defendants were subjectively aware.

Further, four incident reports, which are embraced by the Complaint, do not allege that Defendants were aware of and could draw an inference that there was a substantial risk of serious harm to Plaintiff. *See generally* Exhibit I. The incident reports, coupled with vague reports of safety concerns, reflect Plaintiff's violent threats to Doe if Doe were to become her roommate. *Id.* at 3-6. Thus, even when considering the new allegations (including the affidavit and exhibits), Plaintiff still fails to allege that Defendants knew or had reason to know that Doe posed a substantial risk of serious harm to Plaintiff. Plaintiff fails to plead a failure-to-protect claim against Defendants in their individual capacities.

Therefore, Plaintiff's failure-to-protect claim is dismissed pursuant to Rule 12(b)(6).

Defendants, alternatively, ask the Court to dismiss the damages claim against Defendants in their individual capacities under the doctrine of qualified immunity. *See* Defs.' Mem. in Supp. at 15. The Court does not need to reach this alternative argument because, as discussed above, Plaintiff's failure-to-protect claim against Defendants in their individual capacities is dismissed for failure to state a claim pursuant to Rule 12(b)(6). S*ee Kulkay*, 847 F.3d at 645 ("Without a plausible constitutional claim, [Plaintiff] fails the first prong of the qualified immunity analysis.").

### E. All Remaining Claims are Dismissed

Defendants ask the Court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims or, in the alternative, to dismiss such claims. *See* Defs.' Mem. in Supp. at 21-25. Because the Court has dismissed all the federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Although Plaintiff does not allege state law claims as separate counts in her Complaint, *see* Compl. ¶¶ 2, 68, the Court will construe the Complaint liberally. *Stone*, 364 F.3d at 914. Plaintiff's alleged state law claims include negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. *See* Compl. ¶¶ 2, 68.

A Court may "decline to exercise supplemental jurisdiction over a claim . . . [i]f . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). "Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed." *Gibson v. Weber*, 431 F.3d 339, 342 (8th Cir. 2005). As discussed, the Court

dismissed all federal claims against Defendants. *See supra* Part III Sections C-D. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the remaining state law claims after dismissing all of Plaintiff's federal claims. And those claims are dismissed. *See Gibson*, 431 F.3d at 342 (finding district court did not err by dismissing state law claims per 28 U.S.C. § 1367(c)(3) after dismissing federal claims).

Plaintiff concedes several allegations in her opposition brief. Plaintiff confirms that she is not pursuing injunctive relief against Defendants in their individual capacities. *See* Pl.'s Mem. in Opp'n at 8. Plaintiff also confirms that she is not alleging a claim under the Prison Rape Elimination Act. *Id.* at 28. Therefore, the Court need not address Defendants' arguments pertaining to injunctive relief against Defendants in their individual capacities and the Prison Rape Elimination Act because Plaintiff concedes she is not pursuing the above in her Complaint. *See* Defs.' Mem. in Supp. at 7, 15, 20-21. To the extent Plaintiff is pursuing injunctive relief against Defendants in their individual capacities and alleging a claim under the Prison Rape Elimination Act, those claims are dismissed as moot. Additionally, in alignment with the Court's finding that any damages sought against Defendants in their official capacities are barred by the Eleventh Amendment, *see supra* Part III Section C (2), Plaintiff, in her opposition brief, confirms that she is not seeking damages against Defendants in their official capacities. Pl.'s Mem. in Opp'n at 9.

Lastly, Plaintiff argues that Defendants' motion is not properly before the Court because Defendants did not engage in a good faith discussion as required by D. Minn. Local Rule 7.1(a) on the issues raised in Defendants' motion to dismiss. *See id.* at 6-8. The record, however, shows otherwise. On July 26, 2023, Plaintiff and counsel for Defendants

met and conferred by telephone and discussed various issues with Plaintiff's Complaint. Declaration of Jacqueline Clayton ¶¶ 2-4, ECF No. 47. *See* Defs.' Reply at 2. Because the parties' meet and confer session did not resolve the issues outlined by Defendants, Defendants brought this motion to dismiss. *See* Meet and Confer Statement, ECF No. 29. The record shows that Defendants followed the requirements under Local Rule 7.1(a) and this motion is properly before the Court.

### IV. RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, and for the reasons stated above, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss Plaintiff's Complaint, ECF No. 26, be **GRANTED IN PART** and **DENIED IN PART**.

2. All claims against MSOP and SOS be dismissed with prejudice pursuant to Rule 12(b)(1).

3. All claims for damages against official-capacity Defendants be dismissed with prejudice pursuant to Rule 12(b)(1).

4. All Section 1983 claims against DHS, MSOP, SOS, and official-capacity Defendants be dismissed without prejudice pursuant to Rule 12(b)(6).

5. All requests for TRO and injunctive and permanent relief against DHS, MSOP, SOS, and official-capacity Defendants be dismissed without prejudice pursuant to Rule 12(b)(6).

6. All Section 1983 claims against individual capacity Defendants be dismissed without prejudice pursuant to Rule 12(b)(6).

7. All remaining claims be dismissed without prejudice.

8. Judgment be entered accordingly.

[Continued on next page.]

Dated: January 11, 2024

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota


*Meranelli v. Minnesota Department of Human Services, et al.*
Case No. 23-cv-848 (JWB/TNL)


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).