## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Cherrity Honesty-Alexis Meranelli *also known as* Eric M. Sorenson,

    Plaintiff,

v.

Minnesota Department of Human Services, *DHS*, Minnesota Sex Offender Program, *MSOP*, State Operated Services, *SOS*, and Jodi Harpstead, *Commissioner, DHS*, Nancy A. Johnston, *CEO, MSOP*, Terrance K. Kneisel, *"Terry"; Facility Director, MSOP*, Ann Linkert, *Assistant Facility Director, MSOP*, Mitchel L. Rhodes, *MSOP*, Corey R. Drabelis, *MSOP*, Alexandra R. Kaufman, *MSOP*, Matthew D. Barton, *MSOP*, Ryan J. Fahland, *MSOP*, Gary M. Ankarlo, *MSOP*, Tina L. Olson, *MSOP*, Amy N. Farmer, *MSOP*, Kayla R. Taylor, *MSOP*, Timothy S. Carman, *MSOP*, Tammy L. Shelton, *MSOP*, Austin M. Preston, *MSOP*, Eric J. Woytasek, *MSOP*, Johnathan C. Mader, *MSOP*, Jacob L Adams, *MSOP*, Brittany L. Monette, *MSOP*, Andrea Kosloski, *MSOP*, Luke L. Wilson, *MSOP*, Daniel Werner, *MSOP*, Anthony M. Herring, *MSOP*, Trevor J. Rychlak, *MSOP*, Sherry M. Webb, Kathleen M. Newhouse, *MSOP*, Laura D. Bainbridge, *MSOP*, John S. Barry, *MSOP*, Kaitlyn L. Marvel, *MSOP*, William J. Goman, *MSOP*, Jena E. Murray, *MSOP*, Andrea Youngs, *MSOP*, Benjamin B Wallace, *MSOP*, Jane Does, *Unknown Individuals,* and John Does, *Unknown Individuals, in their individual and official capacities*,

    Defendants.

Civ. No. 23-848 (JWB/TNL)

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

---

Cherrity Honesty-Alexis Meranelli, pro se Plaintiff.

Jacqueline Clayton, Esq., Minnesota Attorney General's Office, counsel for Defendants.

---

United States Magistrate Judge Tony N. Leung issued a Report and Recommendation ("R&R") on January 11, 2024. (Doc. No. 49.) No objections were filed to that R&R in the time permitted, and in the absence of timely objections, the R&R is reviewed for clear error. *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Upon review of the R&R, no clear error is found.

Plaintiff Cherrity Honesty-Alexis Meranelli did, however, file objections on February 9, 2024, outside the 14-day objection period concluding on January 25, 2024. (Doc. No. 50.) Although untimely objections need not be considered, and although Meranelli's objections lack merit, they are briefly addressed to provide clarity and resolution to the parties.

Meranelli first objects to dismissal of any claims in the R&R with prejudice, asserting that dismissal under Federal Rule of Civil Procedure 12(b)(1) is meant to be without prejudice. However, those claims dismissed with prejudice—against the Minnesota Sex Offender Program ("MSOP"), State Operated Services ("SOS"), and official-capacity Defendants for damages—are dismissed due to the parties' Eleventh Amendment immunity. As the claims are constitutionally barred, it is appropriate to foreclose the possibility of re-filing where no modification to the pleadings could alter the result. *See Riemers v. North Dakota*, 185 F. App'x 551, 552 (8th Cir. 2006) (citing *Tex. Cmty. Bank v. Mo. Dep't of Soc. Serv.*, 232 F.3d 942, 943 (8th Cir. 2000). Dismissal

2

with prejudice is appropriate and this objection is overruled.

Second, Meranelli objects to the Magistrate Judge considering only some of her submitted materials in deciding the motion to dismiss. Motions to dismiss are decided only on the Complaint and those materials "necessarily embraced by the pleadings," *Hughes v. City of Cedar Rapids*, 840 F.3d 987, 998 (8th Cir. 2016)—subject to the "complete discretion" of the court. *Stahl v. United States Dep't of Agric.*, 327 F.3d 697, 701 (8th Cir. 2003); *see also* Fed. R. Civ. P. 12(d). The Magistrate Judge considered those materials explicitly referenced by the pleadings and not those which might convert the motion to a summary judgment motion. That review was proper, and this objection is overruled.

Third, Meranelli objects to the R&R's failure-to-protect analysis. She asserts that the eventual assault requires a finding of a substantial risk of serious harm and that the standard for deliberate indifference is entirely objective. The fact of the assault, however, does not inform the risk faced prior to the assault; failure-to-protect contemplates the ability to *anticipate* and prevent the harm. *See Nelson v. Shuffman*, 603 F.3d 439, 446–47 (8th Cir. 2010) (considering the circumstances known to staff before a plaintiff was assaulted by his roommate, particularly the assailant's historical conduct). Meranelli's allegations of those circumstances known to staff in advance are insufficient to establish a substantial risk of serious harm. Lack of a substantial risk of serious harm is fatal to the claim; accordingly, this objection is overruled.

Fourth, Meranelli objects that it is improper to deny a temporary restraining order and preliminary injunction on a motion to dismiss. Meranelli cites inapposite law—

punitive damage requests are distinct from pre-trial requests such as TROs and preliminary injunctions. The request was made in her Complaint and nothing precludes a judge from addressing one motion before another, or addressing both together. Regardless, the Magistrate Judge analyzed the appropriate factors and the analysis was supported. This objection is overruled.

Lastly, Meranelli objects that the R&R did not allow her to amend her Complaint. Given the presence of incurable jurisdictional issues, dismissal is appropriate because it appears amendment would be futile on many claims. Furthermore, allowing an amended pleading is entirely discretionary, particularly absent submission of a proposed amended pleading by the plaintiff. See *Dudek v. Prudential Securities, Inc.*, 295 F.3d 875, 880 (8th Cir. 2002). This objection is overruled.

## ORDER

Based on the R&R of the Magistrate Judge, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The January 11, 2024 Report and Recommendation (Doc. No. 49) is **ACCEPTED**;

2. Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. No. 26) is **GRANTED IN PART** as follows:

    a. Plaintiff Cherrity Honesty-Alexis Meranelli's claims against Defendants Minnesota Sex Offender Program and State Operated Services are **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(1) and the Eleventh Amendment;

    b.    Plaintiff's claims for damages against official-capacity Defendants are **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(1) and the Eleventh Amendment;

    c.    Plaintiff's Section 1983 claims against Defendants Minnesota Department of Human Services, Minnesota Sex Offender Program, State Operated Services, and official-capacity Defendants are **DISMISSED WITHOUT PREJUDCE** pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted;

    d.    Plaintiff's Section 1983 claims against individual-capacity Defendants are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(6);

    e.    Plaintiff's requests for a temporary restraining order and preliminary injunction are **DENIED**;

    f.    Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 15, 2024                        *s/ Jerry W. Blackwell*
                                                  JERRY W. BLACKWELL
                                                  United States District Judge